UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| Nathanial Madanick, individually and on behalf of all others similarly situated,<br><br>          Plaintiff,<br><br> -v.-<br><br>AvanteUSA, Ltd.; CF Medical, LLC; and<br>John Does 1-25,<br>          Defendants. | Case. No.: 6:21-cv-377<br><br>**CLASS ACTION COMPLAINT**<br>**DEMAND FOR JURY TRIAL** |

  Plaintiff Nathanial Madanick ("Plaintiff") brings this Class Action Complaint by and through his attorneys, Zeig Law Firm, LLC, against Defendants AvanteUSA, Ltd. ("Avante") and CF Medical, LLC ("CF Medical"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

  1.  The Fair Debt Collection Practices Act ("FDCPA') was enacted in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). This was because of the concern that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

1

2. The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *id.* at § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over any State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where a substantial part of the events or omissions giving rise to the claim occurred and where Plaintiff resides.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of Florida consumers under § 1692 et seq. of Title 15 of the United States Code, also known as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of Florida, residing at 1562 Oak Hill Trail, Kissimmee, FL 34747.

8. Defendant Avante is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address for service at C T Corporation System 1200 South Pine Island Road Plantation, FL 33324.

9. Defendant Avante is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due itself or another.

10. Defendant CF Medical is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address for service at C T Corporation System 1200 South Pine Island Road, Plantation, FL 33324.

11. Defendant CF Medical is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due itself or another.

12. John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## **CLASS ALLEGATIONS**

13. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

14. The Class consists of:

    a. all individuals with addresses in the State of Florida;

    b. to whom Defendant Avante sent an initial collection letter;

    c. on behalf of Defendant CF Medical;

    d. attempting to collect a consumer debt;

    e. which letter states "the law limits how long you can be sued on a debt" or "because of the age of your debt we will not sue you for it";

    f. although the statute of limitation has not expired on the debt; and

       g.    which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

15. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

16. Excluded from the Plaintiff Class are the Defendants and all officers, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

17. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. §§ 1692e, 1692f, and 1692g.

18. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

19. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

       a.    **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

b. **<u>Common Questions Predominate:</u>** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms **attached as Exhibit A** violate 15 U.S.C. §§ 1692e, 1692f, and 1692g.

c. **<u>Typicality:</u>** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

d. **<u>Adequacy:</u>** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **<u>Superiority:</u>** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

20. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class

predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

21. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

22. Plaintiff repeats the above allegations as if set forth here.

23. Some time prior to January 7, 2021, Plaintiff allegedly incurred an obligation to a non-party Florida Hospital ("Hospital").

24. The obligation arose out of a transaction involving a debt to Hospital in which money, property, insurance or services, which are the subject of the transaction(s), were incurred solely for personal purposes, specifically personal medical care.

25. The alleged Hospital obligation is a "debt" as defined by 15 U.S.C.§ 1692a (5).

26. Hospital is a "creditor" as defined by 15 U.S.C. § 1692a (4).

27. According to the Letter described below, the Hospital debt was sold to CF Medical.

28. Upon information and belief, CF Medical then contracted with Avante to collect the alleged debt.

29. Avante collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

### *Violation - January 7, 2021 Collection Letter*

30. On or about January 7, 2021, Defendants sent the Plaintiff an initial collection letter regarding the alleged debt owed to Hospital. See Letter attached as Exhibit A.

31. The Letter states that Plaintiff owes a balance of $1,308.19.

32. Plaintiff denies owing anything for this debt.

33. The letter ostensibly provides the notices as required by 15 U.S.C. § 1692g regarding disputing the debt.

34. The Letter states that Hospital provided services to Plaintiff on May 19, 2016.

35. The Letter further states:

> THE LAW LIMITS HOW LONG YOU CAN BE SUED ON A DEBT. BECAUSE OF THE AGE OF YOUR DEBT, WE WILL NOT SUE YOU FOR IT.

36. However, the statute of limitation on the alleged debt here has not expired.

37. To state, or imply, that it has is false and deceptive.

38. Moreover, because the statute of limitation has not yet expired, the claim that "we will not sue you for [the debt]" is false or misleading.

39. In addition, although the quoted language refers to "we" for both defendants, upon information and belief, Avante is not authorized to relinquish CF Medical's right to sue on this debt.

40. Despite the language in the letter, CF Medical could consider suing on this debt at a later date.

41. Therefore stating "we will not sue" for this debt is false and deceptive.

42. Furthermore, this debt may get transferred to another debt buyer or debt collector who can still sue to collect the debt.

43. Finally, Defendants have included incorrect or misleading legal advice in the Letter.

44. Plaintiff was therefore confused as to how to properly handle this debt and exercise his rights

45. Plaintiff was therefore unable decide about disputing the debt resulting in wasted time.

46. Plaintiff was therefore unable to evaluate his options of how to handle this debt.

47. If Plaintiff would have sent payment to the wrong address, he would remain liable for the balance.

48. Because of Defendants' actions, Plaintiff expended time, money, and effort in determining the proper course of action.

49. In addition, Plaintiff suffered emotional harm due to Defendants' improper acts.

50. These violations by Defendants was knowing, willful, negligent and/or intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

51. Defendants' collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right to be not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

52. Defendants' deceptive, misleading and unfair representations with respect to their collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendants' collection efforts because Plaintiff could not adequately respond to Defendants' demand for payment of this debt.

53. Defendants' actions created an appreciable risk to Plaintiff of being unable to properly respond or handle Defendants' debt collection.

54. Plaintiff was confused and misled to his detriment by the statements in the dunning letter, and relied on the contents of the letter to his detriment.

55. Plaintiff would have pursued a different course of action were it not for Defendants' statutory violations.

56. As a result of Defendants' deceptive, misleading and false debt collection practices, Plaintiff has been damaged.

## COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

57. Plaintiff repeats the above allegations as if set forth here.

58. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

59. Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

60. Defendants violated said section by falsely, deceptively and/or misleadingly collecting a debt in violation of §§ 1692e, 1692e (2), and 1692e (10).

61. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*

62. Plaintiff repeats the above allegations as if set forth here.

63. In the alternative, Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

64. Pursuant to 15 U.S.C. § 1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

65. Defendants violated this section by unfairly collecting its debt as described above.

66. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT III
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692g *et seq.*

67. Plaintiff repeats the above allegations as if set forth here.

68. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

69. Pursuant to 15 U.S.C. § 1692g, within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector must provide certain notices.

70. Defendants violated this section by overshadowing the notices required by §1692g in an initial collection letter.

71. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

### DEMAND FOR TRIAL BY JURY

72. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Nathanial Madanick, individually and on behalf of all others similarly situated, demands judgment from Defendants Avante and CF Medical as follows:

i. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Justin Zeig, Esq. as Class Counsel;

   ii.    Awarding Plaintiff and the Class statutory damages;

   iii.    Awarding Plaintiff and the Class actual damages;

   iv.    Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

   v.    Awarding pre-judgment interest and post-judgment interest; and

   vi.    Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated:  February 25, 2021                           Respectfully Submitted,

                                                                      **ZEIG LAW FIRM, LLC**

                                                                      */s/ Justin Zeig*
                                                                      Justin Zeig, Esq.
                                                                      3475 Sheridan Street, Ste 310
                                                                      Hollywood, FL 33021
                                                                      Phone: (754) 217-3084
                                                                      Fax: (954) 272-7807
                                                                      Justin@zeiglawfirm.com

                                                                      *Attorneys for Plaintiff*